IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HEREBERT L SOWERS<br>C/O North Central Correctional Complex<br>670 Marion Williamsport Road East<br>Marion, OH 43301 | CASE NO.<br><br>JUDGE: |
| Plaintiff, | **COMPLAINT**<br>Violations of the Eighth Amendment<br>Failure to Provide Adequate<br>Medical Care |
| vs. | |
| NICOLINA HETER<br>C/O Mansfield Correctional Institution<br>1150 North Main Street<br>Mansfield, OH 44903 | **JURY DEMAND ENDORSED HEREON** |
| and | |
| HAROLD MAY<br>C/O Mansfield Correctional Institution<br>1150 North Main Street<br>Mansfield, OH 44903 | |
| and | |
| John Doe Male Nurse | |
| and | |
| Jane Doe Nurse | |
| Defendants. | |

## JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. §1983 to redress the deprivation of certain constitutional rights, under the color of law, by the named Defendants in their individual capacity with jurisdiction established under 28 U.S.C. §1331 and §1343(a).

2. The Northern District of Ohio is an appropriate venue under 28 U.S.C. §1391(b)(2) because it is the location where the events giving rise to the claims occurred.

3. This action is brought against in their individual capacities while acting under the color of law.

4. Plaintiff has exhausted all administrative remedies available under 42 U.S.C. § 1997(e), the Prison Litigation Reform Act.

**PARTIES**

5. Plaintiff, Herbert Sowers, is an individual, and was at relevant times herein incarcerated at the Mansfield Correctional Institution (MANCI), a corrections facility operated by the Ohio Department of Rehabilitation and Correction (ODRC)

6. Defendant, Nicolina Heter, is an individual and was at all relevant times herein, employed by the State of Ohio and (ODRC) as the Health Care Administrator at MANCI.

7. Defendant, Harold May, is an individual and was at all relevant times herein, employed by the State of Ohio and ODRC as Warden at MANCI.

8. Defendant, John Doe Nurse, is and was at all relevant times herein, employed by or acting as a contract agent of ODRC as a nurse at MANCI and is identified as the nurse who responded to Plaintiff's cell on August 23, 2024, whose actions constituting deliberate indifference are stated in Count 2.

9. Defendant, Jane Doe Nurse, is and was at all relevant times herein, employed by or acting as a contract agent of ODRC as a nurse at MANCI and is identified as the nurse who refused to respond to calls from corrections officers for assistance for Plaintiff, indicating Plaintiff was faking whose actions constituting deliberate indifference are stated in Count 2.

## STATEMENT OF FACTS

10, On or about August 23, 2024, Plaintiff while an inmate at Mansfield Correctional, Plaintiff suffered a fall while in his cell.

11. Plaintiff does not remember what caused the fall, but remembers the last thing he did was to get up to shut a window.

12. The next thing, Plaintiff remembered was waking up on the floor in excruciating pain, after being unconscious for an unknown period of time.

13. Plaintiff called out for staff but received no immediate response.

14. Ultimately other inmates had to request assistance for Plaintiff from the correctional officers.

15. After lying on the floor for an unknown period of time, he was found by a corrections officer and medical was summoned.

16. A male nurse, identified herein as John Doe Nurse#! Responded,

17. The nurse took his blood pressure and despite Plaintiff complaining of pain in his neck and back, the nurse did no further examination and simply told the corrections officers that Plaintiff was alright.

18. Plaintiff, who could not get up, fell asleep on the floor for a short period of time.

19. When Plaintiff awoke the pain had increased and other inmates requested on-duty corrections officer to call medical on behalf of the Plaintiff.

20. A corrections officer called medical and Defendant, Jane Doe Nurse who answered the phone stated to the Corrections Officer that Plaintiff was alright and that he was faking and added that he had an appointment on Monday, indicating they would do nothing on behalf of Plaintiff before then.

21. The initial incident happened on a Friday, at a time when Defendants Heter and May would have ben present in the prison.

22. Plaintiff was left lying on the floor and remained there until he was able to pull himself onto his bunk.

23. During the three days between the injury and being taken to the infirmary, Plaintiff was unable to move and could not go to chow.

24. Plaintiff was unable to eat as food was left on the floor of his cell and Plaintiff was unable to even crawl to reach it.

25. During the same period, Plaintiff urinated on himself because of his inability to reach the toilet.

26. Despite numerous calls to medical from correctional officers over the same three-day

period. Medical staff refused to assist, stating each time that he had a Monday appointment.

27. The first time correction officers contacted medical staff, they were told that he was fine that Plaintiff was faking it.

28. During the same period, Plaintiff's cousin contacted the prison and at some point spoke with the inspector concerning the situation, but nothing was done to assist Plaintiff.

29. On or about Monday, August 26, 2024, Plaintiff was finally taken to the infirmary, where he remained in an isolation cell for the next seven days without any examination by an M.D. and only given a single shot during the entire time, which Plaintiff was advised was for pain.

30. Over the same seven-day period the only other medication he received was Ibuprofen

for pain.

31. Ultimately, after suffering in great pain for 10 days, Plaintiff was sent to Mansfield General Hospital.

32. Plaintiff was treated in the emergency room at Mansfield, where diagnostic testing revealed that he had a fractured back and fractured neck.

33. Plaintiff was then declared a trauma patient and was transported by ambulance to the Ohio State University Medical Center, where he was admitted out of the Emergency Room.

34. Doctors were unable to perform immediate surgery and indicated that they needed to wait for some of the swelling to recede.

35. Surgery was ultimately performed and after discharge he was transferred to the Department of Corrections Franklin Medical Center (FMC).

36. While at FMC, Plaintiff received proper care including pain control and the start of rehab services.

37. Plaintiff remained at FMC for approximately one month before being transferred back MANCI.

38. Upon the return to MANCI on a Friday Plaintiff was only given a single dose of Tylenol and told he could buy his own at the commissary.

39. The following Monday he was placed back in general population and received no further treatment, including a complete lack of any rehab services.

**COUNT ONE**
**Violation of the Eighth Amendment**
**Failure to Provide Adequate Medical Care**

40. Plaintiff incorporates Paragraphs 1-39 as if fully rewritten herein.

41. The initial response of John Doe Nurse demonstrated a deliberate indifference to Plaintiff's serious medical needs.

42. Despite Plaintiff being in obvious pain and virtually unable to move. John Doe Nurse limited his actions to taking Plaintiff's blood pressure and then instead of having Plaintiff taken to medical for proper treatment, Plaintiff was left lying on the floor.

**COUNT TWO**
**Violation of the Eighth Amendment**
**Failure to Provide Adequate Medical Care**

43. Plaintiff incorporates Paragraphs 1-42 as if fully rewritten herein.

44. During the period from August 23, 2024, through August 26, 2024, not responding to multiple requests from corrections officers for assistance for the Plaintiff, medical personnel medical personnel, including but not limited to Jane Doe Nurse, repeatedly refused to respond, even indicating that Plaintiff was faking his injury.

45. The actions of Defendant, Jane Doe Nurse and other yet unidentified medical personnel showed a deliberate indifference to the serious medical needs of Plaintiff.

46. The response of Jane Doe Nurse and medical staff disregarding Plaintiff's serious medical needs was based on policy formulated within the prison by Defendant May, the Warden and Defendant Heter, the Medical Director where providing adequate inmate medical care is frequently not provided and is secondary to budget concerns.

47. Both May and Heter would have been present in the prison on the day of the initial injury, and at least Heter, the Medical Director would have had direct knowledge of the situation and failed to properly respond, demonstrating deliberate indifference.

**COUNT THREE**
**Violation of the Eighth Amendment**
**Failure to Provide Adequate Medical Care**

48. Plaintiff incorporates Paragraphs 1-47 as if fully rewritten herein.

49. The placement of Plaintiff in isolation for 7 days without any proper care in the form of pain control or without any attempt for the Plaintiff to be seen by a licensed medical doctor, demonstrated a deliberate indifference to the serious medical needs of Plaintiff.

50. Due to not receiving proper nutrition from the date of the injury until Plaintiff was taken to Mansfield General Hospital, Plaintiff suffered substantial weight loss and an overall deterioration of his condition, in what would ultimately hamper surgeons from OSU due to extreme swelling, which had not been treated at MANCI.

51. During that period, Heter would have had direct oversight of any care, that Plaintiff should have received, but did not.

**COUNT FOUR**
**Violation of the Eighth Amendment**
**Failure to Provide Adequate Medical Care**

52. Plaintiff incorporates Paragraphs 1-51 as if fully rewritten herein.

53. Plaintiff returned to MANCI after receiving major surgery at OSU and then receiving proper treatment a FMC, including rehab services.

54. However, upon his return MANCI all treatment stopped.

55. While Plaintiff cannot state the exact date of his return to MANCI, he does remember that it was on a Friday and he remained in the infirmary till Monday with only a single dose of Tylenol administered as treatment for pain, which for Plaintiff was still intense as he attempted to recover from major back surgery.

56. Plaintiff was also advised that he would have to go to the commissary and purchase his own Tylenol from that point forward

57. When he was placed back in general population on the following Monday and was denied his request for a wheelchair and was given a walker that he was unable to utilize based on its design of having no wheels.

58. Defendant Heter, as Medical Director, would have made the decisions instead of any other medical professional, and her actions constitute a deliberate indifference to Plaintiff's serious medical needs.

**COUNT FOUR**
**Violation of the Eighth Amendment**
**Failure to Provide Adequate Medical Care**

59. Plaintiff incorporates Paragraphs 1-58 as if fully rewritten herein.

60. Despite having just undergone major back surgery and having started rehab at FMC after his return to MANCI Plaintiff did not receive any form of rehab, nor was he even advised things he could do to personally to aid his recovery.

61. The decision to not provide rehab was made by Defendant Heter and constituted a deliberate indifference to the serious medical needs of Plaintiff.

**WHEREFEORE,** Plaintiff prays for compensatory and punitive damages in an amount to be determined by a jury at trial, attorney fees and the costs of this action

Respectfully submitted,

*/s/ Larry D. Shenise*
Larry D. Shenise (0068461)
P.O. Box 357
Rootstown, OH 44272
(330) 472-5622
(877) 583-4874 Fax
ldshenise@sheniselaw.com

*Counsel for Plaintiff*

: